**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ho, | No. CV 10-1864-PHX-GMS (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Ben Griego, et al., | |
| Defendants. | |

On August 30, 2010, Plaintiff Steven Ho, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed *In Forma Pauperis*. In a September 9, 2010 Order, the Court denied the Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis* and certified six-month trust account statement.

On September 16, 2010, Plaintiff filed a second, incomplete Application to Proceed *In Forma Pauperis*. In an October 7, 2010 Order, the Court denied the Application to Proceed because Plaintiff did not sign the "Consent to Collection of Fees from Trust Account" section and Plaintiff did not submit a certified six-month trust account statement. The Court gave Plaintiff 30 days to either pay the filing fee or file a new Application to Proceed *In Forma Pauperis*.

On October 13, 2010, Plaintiff filed a third incomplete Application to Proceed *In Forma Pauperis*. On October 15, 2010, Plaintiff filed a Motion for Extension of Time to file

a new Application to Proceed. In an October 20, 2010 Order, the Court denied the deficient third Application to Proceed because Plaintiff again did not sign the "Consent to Collection of Fees from Trust Account" section and Plaintiff did not submit a certified six-month trust account statement. The Court granted the Motion for Extension of Time and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On October 29, 2010, Plaintiff filed a fourth Application to Proceed *In Forma Pauperis* (Doc. 10), which was also deficient.

Because Plaintiff repeatedly failed to comply with the Court's Orders that he submit a complete, certified Application to Proceed and a certified account statement, the Court dismissed this action (Doc. 11) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court Order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the court). Judgment was entered on November 18, 2010 (Doc. 12).

On November 30, 2010, Plaintiff filed an "Objection" to the Court's Order of Dismissal, which the Court construed as a Motion for Reconsideration. The Court denied the Motion by Order filed January 3, 2011.

On March 4, 2011, Plaintiff filed a six-month trust account statement (Doc. 16). On March 8, 2011, Plaintiff filed a "Motion for Extension of Time to Prove SCC was Tampering with this Case" (Doc. 17).

This case is closed. The Court will therefore deny Plaintiff's March 8th Motion as moot.

**IT IS ORDERED** that Plaintiff's March 8, 2011 "Motion for Extension of Time to Prove SCC was Tampering with this Case" (Doc. 17) is **denied as moot**. This case must remain closed.

DATED this 10th day of March, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 2 -